IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CROP PRODUCTION SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:16-CV-200-WKW [WO] |
| MICHAEL TODD SHELLEY, | ) ) | |
| Defendant. | ) | |

## ORDER REVIVING JUDGMENT

Before the court is the Motion to Revive Judgment, filed by Plaintiff/Judgment Creditor Crop Production Services, Inc., now known as Nutrien Ag Solutions, Inc. ("Judgment Creditor"). (Doc. # 11.) An Order was entered directing Defendant/Judgment Debtor Michael Todd Shelley ("Judgment Debtor") to show cause by May 28, 2026, why the motion should not be granted.[1] (Doc. # 12.) To date, the Judgment Debtor has not responded to the Order.

Rule 69(a) of the Federal Rules of Civil Procedure provides that "[t]he procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state

---

[1] The Clerk of Court was directed to serve a copy of the Order on the Judgment Debtor by certified mail to the two addresses provided by counsel for the Judgment Creditor (*see* Doc. # 11 at 5). (Doc. # 12.) Thereafter, the Judgment Creditor retained the services of a process server who personally served the Judgment Debtor on May 26, 2026, with a copy of the motion and Order. (Docs. # 14, 14-1.)

where the court is located." Fed. R. Civ. P. 69(a). Under Alabama law, a judgment is presumed satisfied once ten years have elapsed from the date of the judgment's entry or the date of the last execution on the judgment. Ala. Code § 6-9-191. A judgment creditor may seek to revive the judgment by filing a proper motion after the ten-year period has run, so long as the motion is filed prior to twenty years from entry of the judgment. Ala. Code § 6-9-192. After ten years have elapsed, the judgment creditor bears the burden of proving that the judgment has not been satisfied. *See Gambill v. Cassimus*, 22 So. 2d 909, 910–11 (Ala. 1945); *Davis Int'l, Inc. ex rel. Patel v. Berryman*, 730 So. 2d 242, 245 (Ala. Civ. App. 1999).

Upon consideration of the motion (Doc. # 11), the affidavit of Nancy R. Chase, retail collections manager for the Judgment Creditor (*see* Doc. # 11-1), and the record as a whole, the court finds that Michael Todd Shelley is the Judgment Debtor of Crop Production Services, Inc. (now known as Nutrien Ag Solutions, Inc.) under the Final Consent Judgment entered May 12, 2016 (Doc. # 8). The court further finds that, as of May 13, 2026, the judgment remains unsatisfied in the amount of $1,275,616.24, with post-judgment interest accruing thereafter pursuant to 28 U.S.C. § 1961 (computed daily and compounded annually). (*See* Doc. # 11-1 ¶ 12). The Judgment Creditor has satisfied its burden of showing that the judgment has not been satisfied. Based on these findings, governing law, and the absence of any opposition, the motion will be granted.

2

Accordingly, pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and § 6-9-192 of the Alabama Code, it is ORDERED that:

(1)    The Motion to Revive Judgment (Doc. # 11) is GRANTED;

(2)    The May 12, 2016 Final Consent Judgment (Doc. # 8) is REVIVED without interruption for a period of ten years up to and including **May 12, 2036**; and

(3)    A copy of this Order reviving the judgment shall be attached to any Certificate of Judgment issued by the Clerk of the Court.

This case remains closed.

DONE this 30th day of June, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

3